723 S.E.2d 864

**ALL MED, LLC., Plaintiff Below, Petitioner**

v.

**RANDOLPH ENGINEERING CO., INC., and Donald R. Hayes, Defendants Below, Respondents.**

**No. 11–0074.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 25, 2012.

Decided Feb. 24, 2012.

Sean P. McGinley, Esq., Elizabeth G. Kavitz, Esq., Ditrapano Barrett & Dipiero, PLLC, Charleston, WV, for Petitioner.

Elliot G. Hicks, Esq., Gerald M. Titus, III, Esq., Spilman Thomas & Battle, PLLC, Charleston, WV, for Respondent Randolph Engineering Co., Inc.

PER CURIAM:

The petitioner herein, All Med, LLC., (hereinafter "All Med") asks this Court to reverse the December 9, 2010, order of the Circuit Court of Boone County that granted summary judgment on behalf of Respondent Randolph Engineering Co., Inc. (hereinafter "Randolph Engineering") after finding that defendant below, Donald R. Hayes,[1] did not act as an employee or agent of Randolph Engineering when he conducted an elevation survey and completed an elevation certificate on All Med's behalf. Before this Court, All Med asserts that the circuit court erred in finding that Mr. Hayes was not an actual agent of Randolph Engineering, in finding that the question of Mr. Hayes' agency is a question of law for the court, and in finding insufficient evidence that Mr. Hayes was the apparent agent of Randolph Engineering.

---

1. Donald R. Hayes is not a party to this appeal.

Upon this Court's review of the parties' arguments, the appendix record, and the pertinent authorities, we affirm the circuit court's grant of summary judgment on behalf of Randolph Engineering. In summary, we find that the undisputed material facts demonstrate that Mr. Hayes was not working as an actual agent or employee of Randolph Engineering when he performed the elevation survey and completed an elevation certificate on All Med's behalf. We further find that the circuit court did not err in ruling that the question of Mr. Hayes' agency is a question of law under the facts of this case. Finally, we find that the evidence below was insufficient for a jury to conclude that Mr. Hayes was the apparent agent of Randolph Engineering.

## I.

## FACTS

The facts giving rise to the instant proceeding are as follows. Randolph Engineering is a professional consulting engineering firm, and Roger Randolph (hereinafter "Mr. Randolph") is its president. Donald Hayes has worked for Randolph Engineering as a professional land surveyor for many years and was the head of Randolph Engineering's survey department during the events at issue. Randolph Engineering did not conduct elevation surveys at the time Mr. Hayes did the work that is the subject of this case.

In 2006, during the time of the events at issue, Mr. Hayes regularly took on surveying work independent of his employment with Randolph Engineering. Mr. Hayes did this with Mr. Randolph's permission. When Mr. Hayes performed independent surveying work, he used his own equipment. Also, Randolph Engineering did not bill clients for any work that Mr. Hayes performed on his own. Further, Mr. Hayes performed the work that he did independent of his employment with Randolph Engineering outside of the forty hours per week he worked for Randolph Engineering. Finally, Mr. Hayes' independent work included performing elevation surveys.

Mark Saber is one of the owners of All Med, a company that sells medical equipment for use by the elderly and people with disabilities. Sometime around September 2006, Mr. Saber contacted Randolph Engineering about doing some surveying work on a piece of property All Med had purchased in Nitro, West Virginia. Randolph Engineering sent Mr. Hayes to speak with Mr. Saber about the Nitro property. This was the first time that Mr. Saber met Mr. Hayes.

After Mr. Hayes began the work on the Nitro property, Mr. Saber spoke to Mr. Hayes about performing an elevation survey and completing an elevation certificate on property located in Danville in Boone County. Mr. Hayes made two trips to the Danville property, working a total of approximately ten to fifteen hours on the surveying work. Mr. Hayes used his own personal surveying equipment on the Danville property, and he did not drive a company vehicle. On the elevation certificate that Mr. Hayes completed for the Danville property, he listed his title as "Land Surveyor," and left blank the space for "Company Name." In the space for "Address," Mr. Hayes listed his home address. Mr. Hayes gave Mr. Saber a handwritten invoice for his work at the Danville property. This handwritten invoice listed Mr. Hayes' personal address and had no reference to Randolph Engineering.

Randolph Engineering did not issue an invoice for any of the work Mr. Hayes performed on the Danville property, and Randolph Engineering was not paid any money for this project. Twenty days after Mr. Hayes completed the elevation certificate for the Danville property, Mr. Saber wrote and signed Check No. 1127, dated November 1, 2006, on the account of All Med Mgmt. Co., LLC payable to Donald R. Hayes in the amount of $680.00. Mr. Hayes testified below that he thinks this check was in payment for the work he performed on the Danville property, but he cannot confirm this with absolute certainty. Mr. Saber testified that he does not know what this check was in payment for.

Sometime after Mr. Hayes completed work on the Danville property, he realized that he had made a 100–foot error in completing the flood elevation certificate for the Danville property. Specifically, in the space for "Base

Flood Elevation" for Buildings 1 through 5, Mr. Hayes recorded "593" feet rather than "693" feet, an error which Mr. Saber alleges caused the elevation certificates to incorrectly reflect that the Danville property was outside the 100–year flood plain.

After Mr. Hayes realized his error, he talked with Mr. Randolph about the issue, in the words of Mr. Hayes, "more as friends than anything else." This conversation was the first time Mr. Randolph learned about Mr. Hayes' work for Mr. Saber on the Danville property.

Subsequently, in July 2008, Mr. Saber sent a demand letter addressed to "Mr. Donald R. Hayes, Randolph Engineering, 4414 Teays Valley Road, Scott Depot, WV 25560." In October 2008, the petitioner filed its complaint against Donald R. Hayes and Randolph Engineering, asserting causes of action for negligence and breach of contract based on Mr. Hayes' alleged negligence in completing the elevation certificate. All Med seeks to hold Randolph Engineering liable for Mr. Hayes' alleged negligence under the theory that Mr. Hayes was Randolph Engineering's agent.

By order dated December 9, 2010, the circuit court granted summary judgment on behalf of Randolph Engineering on the basis that Mr. Hayes was not acting as an agent or employee for Randolph Engineering when he performed the elevation survey and prepared the elevation certificate for the Danville property.

## II.

### STANDARD OF REVIEW

In this case, All Med challenges the circuit court's grant of summary judgment on behalf of Randolph Engineering. Our law is clear that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Also, this Court has explained:

To meet its burden [of producing additional evidence showing the existence of a genuine issue for trial], the nonmoving party on a motion for summary judgment must offer more than a mere scintilla of evi-

dence and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor. The evidence illustrating the factual controversy cannot be conjectural or problematic. The nonmoving party must also present evidence that contradicts the showing of the moving party by pointing to specific facts demonstrating that there is a trial-worthy issue which is not only a genuine issue but also is an issue that involves a material fact. Moreover, the nonmoving party cannot create a genuine issue of material fact through mere speculation or building of one inference upon another. The party opposing a motion for summary judgment may not rest on allegations of his or her unsworn pleadings and must instead come forth with evidence of a genuine factual dispute. Mere allegations are insufficient in response to a motion for summary judgment to show that there is a genuine issue for trial.

*Crum v. Equity Inns, Inc.*, 224 W.Va. 246, 254, 685 S.E.2d 219, 227 (2009) (citing *Powderidge Unit Owners Ass'n v. Highland Props., Ltd.*, 196 W.Va. 692, 698 nn. 10, 11, 474 S.E.2d 872, 878 nn. 10, 11 (1996)) (internal citations omitted). Having set forth the proper standard of review, we now proceed to discuss the issues before us.

## III.

### DISCUSSION

#### A.

In its petition for appeal from the summary judgment order, All Med raises three assignments of error. First, All Med asserts that summary judgment is improper because the evidence in the record is in dispute regarding whether Mr. Hayes was acting as an agent or employee of Randolph Engineering. All Med also avers that there is more than sufficient evidence for a jury to conclude that Mr. Hayes was acting as the agent or employee of Randolph Engineering. Specifically, All Med points to the fact that Mr. Hayes had worked for Randolph Engineering for thirty-two years, Mr. Hayes was the head of Randolph Engineering's surveying depart-

ment, Mr. Hayes' office was located at Randolph Engineering's headquarters, and Randolph Engineering paid the annual fee on Mr. Hayes' surveyor's license as evidence that Mr. Hayes was acting in the scope of his employment when he conducted the elevation survey and completed the elevation certificate on the Danville property.

■ This Court finds no merit to All Med's first assignment of error. Under our law,

> There are four general factors which bear upon whether a master-servant relationship exists for purposes of the doctrine of *respondeat superior:* (1) Selection and engagement of the servant; (2) Payment of compensation; (3) Power of dismissal; and (4) Power of control. The first three factors are not essential to the existence of the relationship; the fourth, the power of control, is determinative.

Syl. pt. 5, *Paxton v. Crabtree,* 184 W.Va. 237, 400 S.E.2d 245 (1990). This Court has further held that "[o]ne of the essential elements of an agency relationship is the existence of some degree of control by the principal over the conduct and activities of the agent." Syl. pt. 3, *Teter v. Old Colony Co.,* 190 W.Va. 711, 441 S.E.2d 728 (1994).

The evidence below indicates that Mr. Hayes performed work for All Med on the Danville property independently of his employment with Randolph Engineering. Mr. Hayes testified below that Roger Randolph, the president of Randolph Engineering, gave him permission to do elevation certificates for clients on his own time independently of his employment with Randolph Engineering. Mr. Hayes further indicated that the work that he performed for All Med on the Danville property was independent of his employment with Randolph Engineering. Likewise, Mr. Randolph testified that Mr. Hayes was acting independently when he performed the work on the Danville property, the Danville property work was not a project of Randolph Engineering, Randolph Engineering was not paid any money for the project, Randolph Engineering did not send Mr. Saber or All Med an invoice for any work performed on the Danville property, and Mr. Randolph did not know that Mr. Hayes performed work for

All Med on the Danville property until months later when Mr. Hayes spoke with him about the error Mr. Hayes made on the elevation certificate for the Danville property.

In addition, the record contains a copy of an invoice for $1,683.00 on Randolph Engineering letterhead to Mark Saber for professional engineering services related to the Nitro property. The invoice is stamped "PAID" on May 18, 2007, by Check No. 1530. The record also contains a copy of Check No. 1530, signed by Mr. Saber, on the account of "Blade Creek Development LLC" payable to "Randolph Engineering Co., Inc." in the amount of $1,683.00. The check is stamped "RECEIVED" on May 18, 2007, by Randolph Engineering. Mr. Saber testified that this check was for the work Randolph Engineering did for him on the Nitro property. Also in the record is a copy of Check No. 1127, dated November 1, 2006, on the account of All Med Mgmt. Co. LLC payable to "Donald R. Hayes" and signed by Mr. Saber for the amount of $680.00. Finally, there are copies in the record of the elevation certificates that Mr. Hayes prepared for the Danville property. On each certificate, Mr. Hayes listed his title as "Land Surveyor" and left blank the space on the certificate for "Company Name." In the "Address" portion space on each certificate, Mr. Hayes put his home address.

■ In the instant case, All Med failed to present evidence to contradict the showing of Randolph Engineering that Mr. Hayes was not acting as its employee or agent when Mr. Hayes performed surveying work on the Danville property by pointing to specific facts which demonstrate that there is a trial-worthy issue that involves a genuine issue of material fact. Also, All Med has failed to produce evidence sufficient for a reasonable jury to find in its favor. The fact that Mr. Hayes has worked for Randolph Engineering for 32 years, is the head of Randolph Engineering's surveying department, or has an office located at Randolph Engineering's headquarters is immaterial to the question of whether Mr. Hayes was working as Randolph Engineering's employee or agent when he performed surveying work on the Danville

property. Therefore, we conclude that the circuit court did not err in granting summary judgment to Randolph Engineering on the issue of whether Mr. Hayes was Randolph Engineering's employee or actual agent when he performed work for All Med on the Danville property.

### B.

The second assignment of error presented by All Med is that the circuit court erred in holding that the question of Mr. Hayes' agency is a question of law for the court. All Med argues that the question of whether an agency exists is ordinarily a question of fact. This Court held in Syllabus point 1 of *Laslo v. Griffith*, 143 W.Va. 469, 102 S.E.2d 894 (1958),

> When the facts relied upon to establish the existence of an agency are undisputed, and conflicting inferences can not be drawn from such facts, the question of the existence of the agency is one of law for the court; but if the facts pertaining to the existence of an agency are conflicting, or conflicting inferences may be drawn from them, the question of the existence of the agency is one of fact for the jury.

All Med posits that the facts pertaining to the existence of agency in this case are conflicting. All Med again refers to the fact that Mr. Hayes was a thirty-two year employee of Randolph Engineering, served as the head of Randolph Engineering's surveying department, and Randolph Engineering paid the annual fee for Mr. Hayes' surveyor's license. All Med also cites the fact that the surveying work Mr. Hayes conducted on the Danville property was the same kind of work he typically performed on behalf of Randolph Engineering. Moreover, All Med points to Mr. Saber's testimony that Mr. Hayes never informed him that he was working on the Danville property independently of his employment with Randolph Engineering.[2] Finally, All Med suggests that one should infer that Mr. Hayes' did the work on the Danville property as Randolph Engineering's agent

simply because he is an employee of Randolph Engineering.

Again, this Court finds All Med's argument to be meritless. All Med's inference that agency should be presumed under the facts of this case simply because Mr. Hayes is an employee of Randolph Engineering is without basis in our law. This Court has held:

> The law indulges no presumption that an agency exists; on the contrary a person is legally presumed to be acting for himself and not as the agent of another person; and the burden of proving an agency rests upon him who alleges the existence of the agency. Pt. 3, syllabus, *Bluefield Supply Co. v. Frankel's Appliances, Inc.*, 149 W.Va. 622, [142 S.E.2d 898 (1965) ].

Syl. pt. 1, *Lohr Funeral Home, Inc. v. Hess & Eisenhardt*, 152 W.Va. 723, 166 S.E.2d 141 (1969). Randolph Engineering adduced evidence below that its employee, Mr. Hayes, was working independent of his employment with Randolph Engineering when he performed the elevation survey on the Danville property. All Med failed to meet its burden by bringing forth evidence of material fact that Mr. Hayes was working as an employee and/or agent of Randolph Engineering when he performed the survey. Therefore, the question of Mr. Hayes' agency was properly a question of law for the court.

### C.

In its third and final assignment of error, All Med asserts error in the circuit court's finding of insufficient evidence for a jury to conclude that Mr. Hayes was the apparent agent of Randolph Engineering. All Med avers that it presented evidence showing that Mr. Hayes was the apparent agent of Randolph Engineering, but the circuit court did not address the question of apparent agency in its summary judgment order. All Med further contends that Mr. Saber reasonably believed that Mr. Hayes was doing work on the Danville property as an agent of Randolph Engineering based on Mr. Hayes' previous work as an employee of Randolph En-

---

**2.** This testimony was disputed by Mr. Hayes. However, this disputed fact is not material to showing the existence of either an actual or

apparent agency under the relevant points of law as stated in the body of this decision.

gineering for All Med on the Nitro property. Further, says All Med, the fact that the work performed by Mr. Hayes on the Danville property was the same type of work he performed as an employee of Randolph Engineering also caused Mr. Saber to reasonably believe that Mr. Hayes worked on the Danville property in the capacity of Randolph Engineering's agent or employee.

■■■■ With regard to the doctrine of apparent agency, this Court has held that "[o]ne who by his acts or conduct has permitted another to act apparently or ostensibly as his agent, to the injury of a third person who has dealt with the apparent or ostensible agent [3] in good faith and in the exercise of reasonable prudence, is estopped to deny the agency relationship." Syl. pt. 1, *Gen. Electric Credit Corp. v. Fields,* 148 W.Va. 176, 133 S.E.2d 780 (1963) (footnote added). We have further explained:

> Apparent authority, or ostensible authority, as it is also called, is that which, though not actually granted, the principal knowingly permits the agent to exercise, or which he holds him out as possessing. In effect, therefore, an agent's apparent authority is, as to third persons dealing in good faith with the subject of the agency and entitled to rely upon such appearance, his real authority, and it may apply to a single transaction, or to a series of transactions.... Agency by representation or estoppel, sometimes designated as "apparent agency", involves a case in which there may be no agency in fact, but where the principal or employer holds out or represents a person to be his agent or employee, and a third party or parties rely thereon, in which case the person making the representation is estopped to deny the agency.

*Gen. Electric Credit Corp. v. Fields,* 148 W.Va. at 182, 133 S.E.2d at 783–784 (quotation marks and citations omitted).

When we apply our law on apparent agency to the facts of this case, we conclude that All Med failed to present sufficient evidence for a reasonable jury to find that Randolph Engineering by its acts or conduct permitted Mr. Hayes to act apparently or ostensibly as

its agent. Stripped to its essence, All Med's argument is that because Mr. Randolph permitted Mr. Hayes to perform survey work on his own time independently of his employment with Randolph Engineering and because Mr. Saber knew that Mr. Hayes performed surveying work as part of his employment duties with Randolph Engineering, Randolph Engineering should now be estopped to deny Mr. Hayes' agency while surveying the Danville property. Such evidence, however, is legally insufficient to support a showing of apparent agency or agency by estoppel. All Med has proffered no evidence to support a showing that Mr. Randolph through words or conduct represented to Mr. Saber that Mr. Hayes was working as Randolph Engineering's agent on the Danville property.

■■■ In seeking to show apparent agency, a person also must adduce evidence that he or she believed that the alleged agent was acting on the authority of another and this belief was reasonable under the circumstances. All Med has brought forth no specific facts to show that Mr. Saber believed that Mr. Hayes was acting as Randolph Engineering's employee or agent when he conducted surveying work on the Danville property. To the contrary, there is evidence in the record that Mr. Saber paid for the surveying work on the Danville property with a check payable to Donald R. Hayes instead of Randolph Engineering, whereas he paid for the work on the Nitro property performed by Randolph Engineering with a check payable to Randolph Engineering. In addition, there is a copy of a demand letter from Mr. Saber addressed to Mr. Hayes and not to the president or principals of Randolph Engineering. These facts support an understanding by Mr. Saber that Mr. Hayes performed the surveying work on the Danville property independent of his employment with Randolph Engineering.

## IV.

## CONCLUSION

For the foregoing reasons, this Court finds that All Med failed to offer evidence below

---

3. The concept of apparent agency is also referred to as "ostensible agency" or "agency by estoppel." These terms are interchangeable. *See*

*Burless v. WV Univ. Hosps., Inc.,* 215 W.Va. 765, 772 n. 7, 601 S.E.2d 85, 92 n. 7 (2004).

sufficient for a reasonable jury to find in All Med's favor that Mr. Hayes was acting as the employee, actual agent, or apparent agent of Randolph Engineering when he performed the elevation survey and completed the elevation certificate on behalf of All Med on the Danville property. As a result, this Court affirms the summary judgment granted to Randolph Engineering by the Circuit Court of Boone County in its December 9, 2010, order.

Affirmed.

Justice WORKMAN dissents and reserves the right to file a dissenting opinion.

WORKMAN, Justice, dissenting.

This case required the Court to determine if the circuit court erred in granting summary judgment to Respondent Randolph Engineering on the basis that its employee, Donald Hayes, was neither acting as an agent in fact nor with apparent authority in negligently performing an elevation survey for Petitioner All Med, L.L.C. The majority determined that the undisputed material facts demonstrated that Mr. Hayes was not an agent in fact and that there was insufficient evidence for a jury to find that he was acting with apparent authority. For the reasons outlined below, I believe there was sufficient evidence to submit both issues to a jury for resolution. Therefore, I dissent.

In this case, Petitioner All Med, L.L.C., through one of its members, Mark Saber, retained the services of Respondent Randolph Engineering to render professional services with respect to a piece of development property in Nitro, West Virginia. Randolph Engineering dispatched its 32–year employee, Donald Hayes, to oversee these services. At some point thereafter, Mr. Saber again contacted Randolph Engineering to obtain an elevation survey on a piece of investment property in Danville, West Virginia and, again, dealt with Donald Hayes. Mr. Saber commissioned the elevation survey as a necessary precedent to obtaining a quote for flood insurance on the Danville property, which he was considering for investment. Mr. Hayes admits that he negligently performed the elevation survey. As a result of the inaccurate elevation survey, the flood insurance quote was in a range that demonstrated to Mr. Saber that the property purchase would be profitable. After the error in the elevation survey was revealed, however, the flood insurance premium increased from $705.00 per year to over $30,000.00 per year, making the property wholly unprofitable. Respondent seeks to avoid vicarious liability for Mr. Hayes' admitted negligence by contending that Mr. Hayes was working in an individual capacity outside of the scope of his employment with Randolph Engineering.

Although Petitioner makes two arguments to establish the vicarious liability of Randolph Engineering for the actions of Donald Hayes—agency in fact and apparent agency—I write primarily to address the issue of apparent agency. I am particularly troubled by both the trial court's complete lack of analysis of this issue as well as the majority's dismissive treatment of it. This Court has held that "[o]ne who by his acts or conduct has permitted another to act apparently or ostensibly as his agent, to the injury of a third person who has dealt with the apparent or ostensible agent in good faith and in the exercise of reasonable prudence, is estopped to deny the agency relationship." Syl. Pt. 1, *General Elec. Credit Corp. v. Fields*, 148 W.Va. 176, 133 S.E.2d 780 (1963). As we noted in *Burless v. West Virginia University Hospitals, Inc.*, 215 W.Va. 765, 772, 601 S.E.2d 85, 92 (2004),

> Agency by representation or estoppel, sometimes designated as "apparent agency," involves a case *in which there may be no agency in fact*, but where the principal or employer holds out or represents a person to be his agent or employee, and a third party or parties rely thereon, in which case the person making the representation is estopped to deny the agency.

(quoting Syl. Pt. 8, *Brewer v. Appalachian Constructors, Inc.*, 138 W.Va. 437, 76 S.E.2d 916 (1953))(emphasis added). As such, the lower court and majority's preoccupation with the existence of (or lack thereof) agency in fact misses the point entirely. Apparent agency is a principal of estoppel—where there may be no agency in fact, either because the ostensible agent has exceeded his

authority or never had it to begin with—the law will estop the principal from denying agency.

As to this issue, the record reveals: (1) that Mr. Saber contacted Randolph Engineering's offices to speak with Mr. Hayes about obtaining an elevation survey on the Danville property; (2) that Randolph Engineering does in fact perform elevation surveys in conjunction with other engineering work; [1] (3) that Mr. Hayes was already performing similar surveying work for Mr. Saber as an employee of Randolph Engineering at the time he commissioned the elevation survey; and, most importantly, (4) that Randolph Engineering expressly granted Mr. Hayes permission to perform this type of "outside" work in addition to his regular work duties. Despite the fact that outside work was forbidden by the Randolph Engineering employee handbook, its principal expressly granted permission to Mr. Hayes to perform elevation surveys such as the one at issue outside of his regular duties on an individual basis. Randolph Engineering placed no requirements on Mr. Hayes to disclaim to third parties that any such work was being done on an individual basis and not on Randolph Engineering's behalf, other than separate invoicing, which is discussed more fully *infra.*

Our formulation of a particularized apparent agency rule in *Burless, supra,* is helpful in highlighting the factual issues and inferences which may be drawn from the facts of the case at bar. Although by its language *Burless'* holding is restricted to hospital/physician scenarios, the rule contained therein was derived from *General Electric* and from the general principles set forth in the Restatement (Second) of Agency § 267 and the Restatement (Second) of Torts § 429. In *Burless,* we held that to establish apparent agency between a physician and hospital,

> [A] plaintiff must establish that: (1) the hospital either committed an act that would cause a reasonable person to believe that the physician in question was an agent of the hospital, or by failing to take an action, created a circumstance that would allow a reasonable person to hold such a belief, and (2) the plaintiff relied on the apparent agency relationship.

Syl. Pt. 7, 215 W.Va. 765, 601 S.E.2d 85 (2004). Other than making its holding specific to hospitals and physicians, this syllabus point merely restates the general rule contained in Syllabus Point 8 of *Brewer* by plainly stating that which is implicit in the general rule—that the "acts or conduct" of the purported principal establishing apparent agency may be proven by either overt actions or failures to act. There is unquestionably sufficient evidence from which a jury could conclude that Randolph Engineering's overt actions or failure to act created the appearance that Donald Hayes was acting as its agent.

As noted above, Mr. Hayes was permitted to perform outside work only with permission of Randolph Engineering. Randolph Engineering required him to separately invoice these customers. It required nothing more of Mr. Hayes to ensure that third parties would be alerted to the fact that Mr. Hayes was not working as an agent of Randolph Engineering for work that was unquestionably of the type Randolph Engineering typically performed. Randolph Engineering certainly had the power to make such requirements and/or disclaimers a condition of Mr. Hayes' outside work, but did not do so. More to the point, given that outside work was prohibited by the employee handbook except with permission, Randolph Engineering had the power to wholly define the conditions and circumstances under which the outside work would be performed. To the extent it expressly permitted Mr. Hayes' outside work without taking steps to disclaim his agency in so doing, knowing he would more than likely obtain this work from its established clients, a jury could reasonably conclude that Randolph Engineering's acts or failure to act created apparent authority in Mr. Hayes.

---

1. Although the majority opinion indicates that "Randolph Engineering did not conduct elevation surveys at the time Mr. Hayes did the work that is the subject of this case," the record clearly reveals that Randolph Engineering did still conduct elevation surveys in conjunction with other engineering work. Randolph Engineering simply did not perform them as "stand alone" projects, as they had become cost prohibitive.

As to the facts deemed pertinent by the majority, there is no evidence in the record to suggest that Mr. Saber was aware that Randolph Engineering did not perform stand-alone surveys, nor that he was aware of any of the specific arrangements established between Mr. Hayes and Randolph Engineering to accommodate this outside work. In particular, there is no evidence that Mr. Saber was aware that Mr. Hayes had a "flexible" work week permitting him to work on outside projects during normal business hours, nor any evidence that Mr. Saber was aware that Mr. Hayes was using his own equipment, rather than Randolph Engineering's equipment.

Naturally, to establish apparent agency, Petitioner must establish that it believed "in the exercise of reasonable prudence" that Mr. Hayes was acting as an agent of Randolph Engineering. See, syl. pt. 1, General Elec., supra. Quite obviously then, a key inquiry is whether Mr. Hayes ever told Mr. Saber that he was rendering services in an individual capacity. The majority's misguided handling of this issue is highlighted by its commentary as to this inquiry. Despite conflicting testimony from Mr. Hayes and Mr. Saber as to whether this information was ever conveyed to Mr. Saber, somewhat incredibly, the majority states that this admittedly disputed fact "is not material to showing the existence of either an actual or apparent agency under the relevant points of law as stated in the body of this decision." It is unclear to me how a disputed conversation between the parties about the central issue in the case—whether Mr. Hayes was working individually or as an employee of Randolph Engineering—can be deemed immaterial for purposes of analyzing apparent agency.

The primary evidence that the majority references to demonstrate that a jury could not reasonably find that Petitioner believed Mr. Hayes was acting as the agent of Randolph Engineering is the fact that Mr. Saber wrote Mr. Hayes, rather than Randolph Engineering, a check for his services after the negligent acts had occurred. It does not follow that one can shed themselves of apparent authority after the fact by expressly or implicitly disavowing an agency relationship. The inquiry under our caselaw focuses on the actions of the principal—in permitting one to "hold himself out" as an agent—and the reasonable reliance of an injured third party. The requirement of "reliance" by the third party on the ostensible agency necessarily demands that the focus be on the facts and circumstances as they exist before the creation of the relationship which gives rise to the negligent acts—at a minimum, before the injury itself occurs. Just as Mr. Saber would not be able to establish reliance based on acts that occurred after Mr. Hayes performed the elevation survey, Randolph Engineering cannot defeat reliance by focusing on these same actions.

In dismissing the apparent agency argument, the majority further references a demand letter which Petitioner sent to Mr. Hayes rather than the principals of Randolph Engineering as demonstrating "an understanding by Mr. Saber that Mr. Hayes performed the surveying work on the Danville property independent of his employment with Randolph Engineering." As further evidence of the differing inferences which may be drawn from the evidence in this case, the majority overlooks the fact that the demand letter was sent to "Mr. Donald Hayes, Randolph Engineering" at the Randolph Engineering offices rather than to his home address which he placed on the elevation certificate. Respondent, in its brief, made much of the fact that Mr. Hayes had used his home address on the elevation certificate and signed it simply as "Land Surveyor" without reference to Randolph Engineering. Again, not unlike the invoice and payment, this is information which was provided to Mr. Saber after the survey was completed and the elevation certificate was provided to Mr. Saber—after the negligent acts had already occurred. Neither the majority, the lower court, nor the Respondent have identified any information of which Mr. Saber was aware before or at the time that he commissioned the elevation survey to alert him that Mr. Hayes was not working as an agent of Randolph Engineering, which was the only context in which Mr. Saber had ever interacted with Mr. Hayes. At best, there is a disputed material fact about

whether Mr. Hayes advised Mr. Saber of the scope of his agency when they initially discussed the project.

The significance of the majority's inadequate analysis cannot be understated. Certainly, in the instant case, given the financial interests at stake with respect to the elevation survey, a jury could reasonably find that Petitioner believed Mr. Hayes to be the agent of Randolph Engineering by concluding that an experienced businessman would not have been interested in contracting with a sole, uninsured proprietor because of precisely what occurred in this case. Under the majority's ruling, Mr. Hayes has committed an admittedly negligent act which has caused Petitioner substantial damages, leaving him with limited or no recourse against an uninsured, individual tortfeasor. This Court has long held that "[t]he question to be decided on a motion for summary judgment is whether there is a genuine issue of fact *and not how that issue should be determined.*" Syl. Pt. 5, *Aetna Cas. & Sur. Co. v. Federal Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)(emphasis added). Moreover, "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." Syl. Pt. 3, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Be-

cause I believe that the record more than sufficiently reveals a genuine issue of material fact to be determined by a jury, it appears that both the lower court and majority have usurped the fact-finder's role in this matter.

By no means is it my intention to reinvent the law of actual or apparent agency. Instead, I write to illustrate the clear and unmistakable disputed issues of material fact which predominate this case. "[I]f the facts pertaining to the existence of an agency are conflicting, or conflicting inferences may be drawn from them, the question of the existence of the agency is one of fact for the jury." *Laslo v. Griffith*, 143 W.Va. 469, 479, 102 S.E.2d 894, 900 (1958). While I believe that there are sufficient factual issues to submit even the issue of agency in fact to a jury,[2] there is no question that the issue of apparent authority demands a jury's consideration.

Therefore, for the reasons stated above, I respectfully dissent.

---

2. As to agency in fact, the majority finds that Petitioner has failed to present evidence to establish a master-servant relationship between Mr. Hayes and Randolph Engineering as to the Danville project. Citing the four factors set forth in *Paxton v. Crabtree*, 184 W.Va. 237, 400 S.E.2d 245 (1990), the Court correctly draws attention to the fourth and "determinative" element of "[p]ower of control." It then fails to note that Petitioner has provided evidence from which a jury could reasonably conclude that Randolph Engineering, by its own admission, has demonstrated ultimate control over the actions of Donald Hayes by virtue of the fact that Randolph Engineering has established the parameters of such work. As discussed *infra*, Randolph Engineering's employee handbook forbids employees to perform outside work without permission.

Permission was expressly granted to Mr. Hayes and he operated exclusively within that permission. In addition, Randolph Engineering "required" Mr. Hayes to separately invoice any customers for whom he was performing work and subsequent to this lawsuit, it began requiring errors and omissions insurance as a condition to performing any outside work. Without question, a jury could reasonably conclude that inasmuch as Mr. Hayes was working on the Danville project only with the express permission and under the conditions prescribed by Randolph Engineering, it had the power to control any aspect of Mr. Hayes' outside work and therefore was its agent in fact. It is precisely these differing inferences which necessitate submission of these issues to the jury.